UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD BISHAWI, | ) | CASE NO. 4:12cv2377 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN PUGH, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

On September 21, 2012, petitioner *pro se* Ahmad Bishawi filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Bishawi, who is incarcerated at Northeast Ohio Correctional Center (NEOCC), names NEOCC Warden Pugh as respondent. As grounds for the petition, he asserts: 1) the prison increased his Financial Responsibility Payments, despite the fact that NEOCC is a privately run facility, and he is being required to pay $40 per month or be moved from a two-man to a three-man cell; 2) restricted prison law library hours are impeding his access to the courts; 3) the conditions at NEOCC are overly restrictive for a minimum security inmate; and, 4) programming staff have had to assist with security functions because of insufficient staffing.

Habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003); *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871 (6th Cir.

Dec. 15, 1999). Thus, with regard to Grounds 2, 3 and 4, the appropriate action would be to file a civil rights complaint.[1]

As regards Ground 1, while NEOCC is privately run, it is clearly a federal facility for all intents and purposes.[2] Further, the 28 C.F.R. § 545.11(d)(7) specifically provides that failure to comply with his Financial Responsibility Plan can result in an inmate being "quartered in the lowest housing status (dormitory, double bunking, etc.)." Finally, there is a "complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the [Inmate Financial Responsibility Program] for the Bureau of Prisons." *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004).

For the foregoing reasons, the petition for writ of habeas corpus is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 4, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] To file a civil rights action, petitioner would be required either to pay the $350 filing fee or to file a prisoner account statement so the Court would have sufficient financial information to assess and collect the filing fee. 28 U.S.C. §§ 1915(a)(2), 1915(b).

[2] *See* www.bop.gov/DataSource/execute/dsFacilityAddressLoc?, where NEOCC is listed among the Bureau of Prisons (BOP) facilities. The website also states that oversight of NEOCC is provided by the Correctional Programs Division of BOP's Central Office.